UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14019-CIV-MAYNARD

NATHANAEL DE BARROS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S COUNSEL'S AMENDED UNOPPOSED PETITION FOR AUTHORIZATION OF AN ATTORNEY FEE PURSUANT TO SECTION 206(b)(1) OF THE SOCIAL SECURITY ACT ("PETITION") (DE 28)

**THIS CAUSE** comes before me upon the above Petition.[1] Having reviewed the Petition and noting that neither Defendant nor Plaintiff objects to the relief requested therein, the Petition is granted for the reasons set forth below.

### I. BACKGROUND

Plaintiff filed this case on January 17, 2020, seeking judicial review of the Defendant's denial of his application for disability insurance benefits under the Social Security Act. DE 1. Defendant filed an Answer and a copy of the Administrative Record on May 11, 2020. DE 6, 7. The parties were directed to file their motions for summary judgment by August 7, 2020. DE 12. The parties then timely filed their motions for summary judgment. DE 13, 14. Following

---

[1] Plaintiff's counsel ("Petitioner") filed the instant Petition on September 20, 2021 (DE 28) amending the original petition that Petitioner filed on September 15, 2021 ("Original Petition") (DE 27). Although Petitioner does not identify how the instant Petition amends the Original Petition, I did observe that the Original Petition stated that the Commissioner's position on Petitioner's request for fees was unknown. DE 27 at 2. The instant Petition, however, unequivocally states that the Commissioner has no objection to Petitioner's fee request. DE 28 at 2.

subsequent briefing (DE 15, 16, 17) and oral argument (DE 19), I denied Defendant's motion for summary judgment, granted Plaintiff's motion for summary judgment, vacated the underlying administrative decision and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). DE 20. On December 7, 2020, Plaintiff moved for an award of $5,213.35 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") (DE 22), which was granted (DE 24).[2] Petitioner now avers that "a fully favorable decision was issued by the Commissioner on May 12, 2021" and moves for an award of $17,511.38[3] in attorney's fees for representation of Plaintiff in federal court pursuant to the Social Security Act.[4] DE 27 at 1. 3. Petitioner avers that

---

[2] On January 20, 2021, this Court granted (DE 26) Plaintiff's Consent Amended Motion for Bill of Costs (DE 23) seeking reimbursement of the $400 filing fee expense incurred in this case.

[3] Petitioner calculates the amount by taking the amount withheld pursuant to the Notice of Award ("Notice") (DE 28-2) of $23,511.38 (representing 25% of the past due benefits totaling $94,045.52) and deducting the administrative-level attorney fee of $6,000.00 for administrative proceedings with a different attorney. DE 27 at 2-3. Thus, Petitioner argues that the award of fees to counsel representing Plaintiff "before both the agency and the court" will not exceed 25% of the past due benefits regardless of the Supreme Court's holding in *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) ("[T]he 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"). Additionally, although there is lack of finality to the Notice due to language in the Notice regarding the need for a representative payee, Petitioner avers that "the amount i[n] question does not change with the appointment of a representative payee." DE 28 at 2. Therefore, Petitioner contends that the Petition may be "adjudicated at this time to expedite the processing of any possible refund of attorney fees." *Id.*

[4] Both the EAJA and the Social Security Act provide for attorneys' fees for successful representation of claimants seeking Social Security benefits. "The EAJA's fee-shifting provisions are potentially more generous than the Social Security Act's in at least three respects: (1) A court may not award attorney's fees under the Social Security Act, but may under the EAJA, when the claimant wins only a procedural victory and does not obtain any past-due benefits; (2) fees under the Social Security Act are limited to a percentage of benefits awarded, while EAJA fees are calculated under the lodestar method by examining the attorney's reasonable hours expended and her reasonable hourly rate; and (3) in contrast to the Social Security Act, fees may be awarded under the EAJA in addition to, rather than out of, the benefits awarded." *Astrue v. Ratliff*, 560 U.S. 586, 601–02 (2010) (Sotomayor, J concurring) (internal quotation marks and citation omitted).

the Commissioner has no objection to the fees request. DE 28 at 2.

## II. STANDARD

Under 42 U.S.C. § 406(b) (also referenced as "§ 206(b)"), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25 percent, "Congress . . . sought to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotation marks and citation omitted).

In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases . . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807. Furthermore, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." 42 U.S.C. § 406(b)(1)(A). In other words, "although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act." *Jones v. Astrue*, No. 3:04CV362/MCR/EMT, 2008 WL 563996, at *3 (N.D. Fla. Feb. 28, 2008) (citing § 406(b)(1)(A)).

Even so, "the EAJA Savings Provision does not mandate a specific procedure for refunding the smaller of the two attorneys' fees when a prevailing claimant recovers fees under both the EAJA and 42 U.S.C. § 406(b). *Green v. Comm'r of Soc. Sec.*, 390 F. App'x 873, 874 (11th Cir. 2010) (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir.2010)). Accordingly, "an

attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client[; however,] the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Jackson*, 601 F.3d at 1274.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons. Indeed, among other things, courts consider: (i) "the character of the representation and the results the representative achieved"; (ii) any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court"; and (iii) "benefits [that] are large in comparison to the amount of time counsel spent on the case." *Id.* "In this regard, the court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* (noting that Judges of district courts are accustomed to making reasonableness determinations in wide-ranging contexts; therefore, such assessments ordinarily qualify for "highly respectful review").

### III. DISCUSSION

Here, I find that Plaintiff's counsel's request for fees in the amount of $17,511.38 is reasonable. The contingency fee contract in this case provides that Plaintiff agreed to pay his counsel 25 percent of his past-due benefits. DE 28-1. Also, Plaintiff's counsel's request for an award of $17,511.38 is below the statutory maximum because it amounts to 18.6 percent of Plaintiff's past-due benefits for work performed in this Court.

Furthermore, there is no reason to reduce the amount of the requested fee. First, with

respect to the character of the representation and the results achieved, I note that Plaintiff's counsel provided professional and skilled representation, which resulted in a significant award of past due benefits. Second, I find that counsel promptly prosecuted this case.

Third, I do not find the requested fee to be disproportionately large in relation to the total amount of time counsel spent on this case (25.4 hours). DE 28-4. While Petitioner's rate in this case equates to $689.42 per hour (before reimbursement of EAJA fees of $5,213.35), such rates are below the rates awarded in other contingency fee cases and, therefore, will not lead to a windfall. For example, in support of the fee request, Petitioner provides a listing of previous unopposed fee awards under § 406(b). DE 28-5 at 2-3. The listing indicates fee awards in district court cases throughout the state of Florida, which awards have resulted in the payment of *de facto* hourly rates to Petitioner ranging from approximately $1,200 per hour to nearly $2,000 per hour. *Id.* Additionally, in recent cases where similar results were achieved, this Court and others within this district have awarded counsel higher hourly rates. *See Delano v. Commissioner*, Case No. 2:17-cv-14090 (S.D. Fla. Jun. 21, 2021) (Maynard, J) (finding reasonable approximately $28,000 for just under 23 hours of work resulting in a rate of $1,248.11 per hour); *Rivera v. Berryhill*, Case No. 2:17-cv-14108 (S.D. Fla. Dec. 9, 2019) (Maynard, J) (finding reasonable the full 25% contingency fee award of $22,316.30 for 27.76 hours of work or $803.90 per hour); *Taggart v. Comm'r of Soc. Sec.*, No. 9:18-CV-80757, 2021 WL 86809, at *2 (S.D. Fla. Jan. 11, 2021) (Matthewman, J) (finding contested rate of $1,630.50 per hour for 42.47 hours to be reasonable). Therefore, because I find the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, I conclude that Petitioner should be awarded the requested fee.

Moreover, I conclude that the Court should authorize the award in the amount of

$17,511.38 without deducting the previous EAJA award of $5,213.35. The Petition specifically requests that the Court authorize payment without such deduction and states that "Petitioner shall promptly issue the EAJA attorney fee refund to Plaintiff in the amount of $5,213.35." DE 28 at 7. Petitioner's requested procedure is consistent with governing law. *Jackson*, 601 F.3d at 1274.

Accordingly, for the foregoing reasons, it is hereby,

**ORDERED AND ADJUDGED** that the Petition (DE 28) is **GRANTED** as follows:

1. The Commissioner is **DIRECTED** to pay to Plaintiff's counsel the sum of 17,511.38 for § 406(b) fees out of Plaintiff's past-due benefits.

2. Plaintiff's counsel is **DIRECTED** to refund the EAJA award of $5,213.35 to Plaintiff upon receipt of the § 406(b) fees.

3. The Original Petition (DE 27) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of October, 2021.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE